{¶ 34} On this appeal from a conviction and sentence entered by Judge Nancy McDonnell, I concur in the judgment but write separately to note that the judge never informed Baldwin of the consequences of violating post-release control, as required by R.C. 2929.19(B)(3) and R.C. 2943.032. The statutory requirements are mandatory, and notification of post-release control consequences is part of the duty to inform a defendant of his full sentence. In addition, compliance with the notice requirements is necessary to ensure that judges recognize the totality of sentencing factors when imposing a prison term.[1] Without this express recognition, a reviewing court cannot tell whether a judge imposed a particular term with a complete appreciation of the additional burdens and consequences of post-release control.[2]
 {¶ 35} It would appear, therefore, that although Baldwin would be subject to post-release control following his stated prison term, the parole board will be unable to impose any prison term should he violate the supervision or a condition of such control, because the judge failed to inform him that additional prison time could be imposed as part of his sentence.[3]
[1] State v. Davis, Cuyahoga App. No. 83033, 2004-Ohio-1908, at ¶ 23-24. (Citations omitted.)
[2] Id.
[3] R.C. 2929.19(B)(3)(e).